PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea to violations of Disciplinary Rules 1-102(A)(6), 2-110, 6-101, 7-101(A)(2), (3) and 9-102 of the Code of Professional Responsibility and article XI, Rule 11.02 of the Integration Rule of The Florida Bar. We approve the Petition, and the following is imposed:
A. The Respondent, Robert T. Grace, is suspended for a period of three years retroactive to July 13, 1980.
B. The Respondent is to make full reimbursement to the inventory attorneys for any costs incurred by them that have not been reimbursed by The Florida Bar within sixty (60) days of this Court’s Order.
C. The Respondent is to make full restitution to his former clients within sixty (60) days of this Court’s Order.
D. The Respondent is to make restitution to The Florida Bar in the amount of $8,106.64 for costs incurred in these disciplinary and inventory matters within sixty (60) days of this Court’s Order, for which, let execution issue in the amount of $8,106.64.
E. The Respondent is to make restitution to the Clients’ Security Fund of The Florida Bar for any claims paid by the Fund or which the Fund investigator finds meritorious.
F. The Respondent must meet the following specific conditions prior to his reinstatement to The Florida Bar in addition to the conditions provided in article XI, Rule 11.11 of the Integration Rule:
(a) Full reimbursement must have been made to all parties previously mentioned.
(b) Successful completion of a professional ethics course at an accredited law school.
(c) Successful completion of The Florida Bar exam.
(d) Upon reinstatement, a two year period of probation during which Respondent would:
(1) Be under the supervision of an experienced attorney.
(2) Submit monthly reports on the status of cases.
(3) And, if Respondent has control over client trust funds, would submit quarterly trust account reports prepared by a Certified Public Accountant.
(e) Respondent must submit an affidavit to The Florida Bar stating:
(1) The names and addresses of all clients at the time of his suspension.
(2) That he has contacted all former clients regarding restitution and whether restitution has been made.
(3) Reasons if restitution has not been made.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVER-TON, MCDONALD and EHRLICH, JJ., concur.